ADAM PAUL LAXALT
Attorney General
CAROLINE BATEMAN
Deputy Attorney General
Nevada Bar No. 12281
Bureau of Litigation
Public Safety Division
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
Telephone: (702) 486-2625
Facsimile: (702) 486-3773
Email: cbateman@ag.nv.gov

*Attorneys for Defendants*
*James G. Cox, Oswald J. Reyes,*
*Brian Williams, Sr. and Johnny Youngblood*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARTINEZ S. AYTCH,<br><br>         Plaintiff,<br><br>vs.<br><br>BRIAN WILLIAMS, SR., et al.,<br><br>         Defendants. | Case No. 2:14-cv-00030-RFB-GWF<br><br>**STIPULATION FOR EXTENSION OF TIME** |

Defendants James G. Cox, Oswald Reyes, Brian Williams and Johnny Youngblood, by and through counsel, ADAM PAUL LAXALT, Attorney General of the State of Nevada, and CAROLINE BATEMAN, Deputy Attorney General, and MARTINEZ S. AYTCH, Plaintiff *pro se* (together "the Parties") hereby stipulate and make a joint application for an extension of time for Defendants to file their Reply in Support of Motion for Summary Judgment pursuant to Local Rule 6 and Local Rule 26-4.

### MEMORANDUM OF POINTS AND AUTHORITIES

#### I.     PROCEDURAL HISTORY

Plaintiff commenced this suit with the filing of a Civil Rights Complaint on March 4, 2014. Dkt. #4. Pursuant to screening, the Court determined that Plaintiff stated viable claims against Defendants Cox, Reyes and Williams for the following: deliberate indifference to

serious medical needs, in violation of the Eighth Amendment; and Equal Protection Clause violation under the Fourteenth Amendment. Dkt. #3.

On April 10, 2014, the Court referred the case to the Inmate Early Mediation Conference ("EMC") program. Dkt. #6. On June 27, 2014, the parties engaged in an EMC. Dkt. #12. On July 25, 2014, Defendants filed a Report of the Office of the Attorney General informing the Court that the parties had not reached a settlement during the EMC. Dkt. #13.

On September 26, 2014, Defendants filed their Answer to Plaintiff's Complaint. Dkt. #19.

On October 20, 2014, the Court issued its Scheduling Order. Dkt. #24.

On December 5, 2014, Plaintiff filed a Motion for Leave to Amend Complaint. Dkt. #26. Through his motion, Plaintiff sought to add Defendant Johnny Youngblood, who was previously named as a Doe defendant, to the lawsuit. Dkt. #26 at 3. On December 17, 2014, Defendants filed a non-opposition to Plaintiff's request. Dkt. #29. On March 26, 2015, the Court issued an Order granting Plaintiff's request for leave to amend. Dkt. #41. The Court ordered that if Plaintiff desired to conduct additional discovery as to the Amended Complaint, that he should file a motion requesting an extension of the discovery deadline by April 26, 2015. Dkt. #41. The Court also set the dispositive motion deadline for May 26, 2015. Dkt. #41.

On March 27, 2015, Plaintiff filed a First Amended Civil Rights Complaint. Dkt. #42. The First Amended Civil Rights Complaint included Defendant Youngblood as an additional Defendant. Dkt. #42. On April 8, 2015, Defendants filed their Answer to Plaintiff's Amended Complaint. Dkt. #43.

On April 16, 2015, Plaintiff filed a Request to Conduct Additional Discovery. Dkt. #46. Defendants did not oppose the request. On May 29, 2015, the Court granted Plaintiff's Request to Conduct Additional Discovery. Dkt. #55. The Court set the deadline for discovery as to Defendant Youngblood for August 7, 2015. Dkt. #55.

On May 22, 2015, Defendants filed a Motion for Enlargement of Time to file their Motion for Summary Judgment based on Plaintiff's pending Motion to Conduct Additional

Discovery.  Dkt. #53.  On May 29, 2015, the Court granted Defendants' request and set the dispositive motion deadline for September 7, 2015.  Dkt. #55.

On August 5, 2015, Plaintiff filed an Emergency Motion for Enlargement of Time to conduct discovery.  Dkt. #58.  On August 7, 2015, the Court granted Plaintiff's motion.  Dkt. #59.  The Court set the dispositive motion deadline for October 7, 2015.  Dkt. #59.

On October 5, 2015, Defendants filed a Motion for Enlargement of Time to file their Motion for Summary Judgment.  Dkt. #60.  On October 6, 2015, the Court granted Defendants' motion and set the new dispositive motion deadline for November 6, 2015.  Dkt. #61.

On November 6, 2015, Defendants filed their Motion for Summary Judgment.  Dkt. #64.  On December 1, 2015, Plaintiff filed his Opposition to Defendants' Motion for Summary Judgment.  Dkt. #70.

The parties now stipulate and make a joint application for an extension of time for Defendants to file their Reply in Support of their Motion for Summary Judgment.

## II.     LEGAL ANALYSIS

The Court has broad discretion in supervising the pretrial phase of litigation, which includes establishing discovery deadlines.  *See Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002).  LR 6-1 governs requests for extensions of time and it requires the following: "every motion or stipulation to extend time shall inform the Court of any previous extensions granted and state the reasons for the extension requested."  LR 26-4, which governs extensions of scheduled deadlines, further requires that motions or stipulations to extend deadlines must be supported by a showing of "good cause" and requests to extend deadlines that are filed less than twenty-one (21) days before the expiration of said deadlines must be supported by a showing of excusable neglect.

The parties respectfully request that this Court find that they have demonstrated both good cause for their requested extension and excusable neglect for their late submission.

///

///

### III. REQUESTED EXTENSION AND GOOD CAUSE THEREFOR

**A.  Discovery Completed**

To date, Plaintiff has submitted three sets of Requests for Production of Documents, one set of Requests for Admissions and one set of Interrogatories to Defendants. Defendants have submitted their responses to Plaintiff.

**B.  Discovery remaining to be Completed**

Discovery is currently closed.

**C.  Good Cause Explanation for the Request of an Extension**

Undersigned counsel for Defendants engaged in a settlement conference with Plaintiff on December 8, 2015, in United States District Court case number 2:14-cv-00139-GMN-CWH. During the settlement conference, the parties reached a global settlement that will ultimately result in the dismissal of both the present case as well as case 2:14-cv-00139-GMN-CWH.

**D.  The Present Motion for Enlargement of Time was not Submitted within 21 Days before the Expiration of the Discovery Deadline due to Excusable Neglect.**

Defendants' Reply in Support of their Motion for Summary Judgment is currently due on December 11, 2015. The settlement conference in case 2:14-cv-00139-GMN-CWH took place on December 8, 2015, and the parties are actively working to memorialize the terms of the settlement agreement and to file their stipulations and orders of dismissal in both cases. The parties assert that excusable neglect caused the request for an extension of time to be filed outside the 21-day requirement of LR 26-4 and the Court's Order and affirms that the request for an extension of time is not for the purpose of delaying proceedings.

///
///
///
///
///
///
///

- 4 -

## IV. CONCLUSION

Based on the foregoing, the parties stipulate and make a joint application for an extension of time for Defendants to file their Reply in Support of their Motion for Summary Judgment for a period of sixty (60) days.

DATED this 10th day of December, 2015.

DATED this 9th day of December, 2015

By: /s/ Martinez S. Aytch[1]
    MARTINEZ S. AYTCH
    *Plaintiff Pro Se*

DATED this 10th day of December, 2015

ADAM PAUL LAXALT
Attorney General

By: /s/ Caroline Bateman
    CAROLINE BATEMAN
    Deputy Attorney General
    *Attorneys for Defendants*
    *James G. Cox, Oswald J. Reyes*
    *Brian Williams, Sr. and Johnny*
    *Youngblood*

**ORDER**

IT IS SO ORDERED:

12/15/15
DATED

_____
RICHARD F. BOULWARE, II
United States District Judge

---

[1] On December 9, 2015, undersigned counsel for Defendants received Plaintiff's oral stipulation to the extension of time after the settlement conference in case 2:14-cv-00139-GMN-CWH.

Office of the Attorney General
555 East Washington Avenue, Suite 3900
Las Vegas, Nevada 89101-1068

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of December, 2015, I served the foregoing **STIPULATION FOR EXTENSION OF TIME** by causing a true and correct copy thereof to be filed with the Clerk of the Court using the electronic filing system and by causing a true and correct copy thereof to be delivered to the Department of General Services, for mailing at Las Vegas, Nevada, addressed to the following:

Martinez S. Aytch #54102
Ely State Prison
PO Box 1989
Ely, NV  89301

      /s/ Althea Zayas
An Employee of the
Office of the Attorney General